IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:82-CV-00091-KDB-DCK

| | |
|---|---|
| BARBARA E. CURL, <br><br> Plaintiff, <br><br> v. <br><br> LEROY REAVIS AND IREDELL COUNTY, NORTH CAROLINA, <br><br> Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Iredell County's Rule 60(b) Motion to Amend Order (Doc. No. 3). In 1983, following Plaintiff's successful employment discrimination suit against Defendants, the Court entered an Order granting permanent injunctive relief, which was amended in 1985 (the "1985 Order"). Doc. No. 3 at 2-4. Paragraph four of the Amended Order states:

> (4) Ordered that defendant Reavis, as Sheriff of Iredell County, North Carolina, his successors and his employees, officers, and agents are hereby permanently enjoined as follows: (a) to cease and desist all practices that deny women equal opportunity in: law enforcement education and training, hiring, and lines of progression, promotion and transfer; (b) to cease and desist unannounced word-of-mouth, subjective, ad hoc employment, promotion, and transfer procedures; (c) to cease and desist intimidation, harassment, or any other form of retaliation against employees who pursue remedies protected under Title VII; (d) to establish non-discriminatory selection procedures and nondiscriminatory hiring, promotion, and transfer procedures based upon published announcements of vacancies, in accordance with Section IV of this Opinion; (e) to comply with 31 U.S.C. § 1242(a)(1) and 42 U.S.C. § 3789d(c)(1).

*Id.* at 4.

1

Defendant now moves to modify the Amended Order by removing the entirety of paragraph four pursuant to Federal Rule of Civil Procedure 60(b)(5), or alternatively, (b)(6).[1] Rule 60(b)(5)-(6) specifies that the Court may provide a party relief "from a final judgment, order, or proceeding" where: the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(5)-(6). It is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court must therefore exercise appropriate caution in granting such relief and must also consider whether doing so would unfairly prejudice the party who received the initial favorable judgment. *Id.*

Defendant contends that such an "extraordinary remedy" is warranted and the *Crutchfield* factors for considering when to modify or dissolve an injunction weigh in its favor. *See* Doc. No. 4; *see also Crutchfield,* 175 F. Supp. 2d at 844. Defendant notes that at least some of the provisions of paragraph four have become obsolete due to advancements in technology and the Department's modernized employment and hiring practices. *See* Doc. No. 4 at 12, 18. In addition, Defendant argues that continued prospective application of the paragraph four of the injunction is no longer a necessary equitable remedy, particularly in light of forty years of compliance with the injunction,

---

[1] Defendant explains that "Courts have recognized a number of factors that may be considered in determining whether to modify or dissolve an injunction, including: (1) the circumstances leading to entry of the injunction and the nature of the conduct sought to be prevented; (2) the length of time since entry of the injunction; (3) whether the party subject to its terms has complied or attempted to comply in good faith with the injunction; (4) the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction; (5) whether the moving party can demonstrate a significant, unforeseen change in the facts or law and whether such changed circumstances have made compliance substantially more onerous or have made the decree unworkable; and (6) whether the objective of the decree has been achieved and whether continued enforcement would be detrimental to the public interest. *Crutchfield v. U.S. Army Corps of Engineers*, 175 F. Supp. 2d 835, 844 (E.D. Va. 2001)." Doc. No. 4 at 15.

as evidenced by its changes to hiring practices, including a commitment to nondiscriminatory hiring and the development of policies requiring equal employment opportunities. *Id.* at 11-12. It argues that employment, promotion and other decisions are currently made in a nondiscriminatory fashion, and, of course, discrimination, harassment, and retaliation are still prohibited by law. *Id.* at 11-12, 16. What's more, an increased number of women work in the Department, including in leadership positions. *Id.* at 17. Finally, Defendant notes that Plaintiff will not be prejudiced by granting the Motion, as she left the Sheriff's Department over forty years ago and does not oppose the granting of the Motion. Doc. No. 3 at 3.

Having reviewed the Motion and supporting documentation, including Plaintiff's non-opposition, and after considering the *Crutchfield* factors, the Court finds that good cause exists to grant the requested relief. Therefore, pursuant to Rule 60(b)(5), the Motion is **GRANTED**. Paragraph four of the 1985 Order is hereby removed in its entirety.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 15, 2025

Kenneth D. Bell
United States District Judge